PELESHOK *v.* PELESHOK.

1. DIVORCE—EXTREME CRUELTY—EVIDENCE.
   Evidence was sufficient to sustain decree granting plaintiff wife a divorce on the ground of extreme cruelty, awarding her custody of minor child and $8 per week support money.

2. SAME—DIVISION OF PROPERTY.
   Where wife was found entitled to divorce and custody of minor child, award of household furniture and $650 cash to wife and automobile to husband *held,* fair.

Appeal from Wayne; Neuenfelt (Lila M.), J. Submitted October 3, 1945. (Docket No. 8, Calendar No. 43,028.) Decided December 3, 1945.

Bill by Stella Peleshok against Michael Peleshok for divorce on ground of extreme and repeated cruelty. Cross bill by defendant against plaintiff for divorce on ground of extreme and repeated cruelty. Decree for plaintiff. Defendant appeals. Affirmed.

*Julius E. Allen,* for plaintiff.

*Joseph Charnoske,* for defendant.

REID, J. Plaintiff in her bill of complaint alleges extreme cruelty and seeks a divorce with care and custody of the minor child of the parties. The defendant filed an answer and cross bill. In his answer he denies that he was guilty of extreme cruelty and in his cross bill alleges that the plaintiff was guilty of extreme cruelty. Defendant's cross bill petitions that defendant be awarded the decree of

divorce and custody of the child. The defendant in his amended cross bill alleges intimate relations with a particular man who was to be named upon the hearing.

The decree awarded a divorce and custody of Michael Peleshok, Jr., to plaintiff. Defendant appeals.

Plaintiff denies the allegations of extreme cruelty on her part in the original cross bill and the allegation of intimacy in the amended cross bill. Plaintiff testified that defendant struck and beat her several times, called her vile names without reason, and that defendant without reason therefor accused her of misconduct, that defendant told her if she was a decent woman she wouldn't say as much as hello to anybody that she met on the street, that he seldom took her out, and in the seven years of their married life took her downtown to the theater once. Plaintiff further testified that before she filed her bill defendant told her that he had another woman, that he didn't want to have anything to do with plaintiff, and that,

"He told me he would bring her over to the house and I could sit and watch them; he told me he wanted a divorce, I smell up the house, he can't stand the sight of me. I didn't know what to do, I was upset. I went to a bowling alley next day and went to a show with the girls, and that is the only time I came home late. When I came home he beat me up."

Lillian Zavislik testified,

"I was there when they (referring to the parties to this suit) quarreled and heard how he threatened her, would kill her and the baby and when—he just said that * * * if she ever divorced him or left him, he was going to kill her and the baby. I was there at the time when—that was right after he beat

her up—I was over with my other sister and her husband, that's when her face was all swollen, I am sure, just above her left eye and cheek, if I am not mistaken.''

Defendant and his witnesses described occasions subsequent to the separation of the parties in which plaintiff was seen in the company of the particular man spoken of. The trial court found:

''The court is not impressed with the testimony about her being seen in the company of this other man, inasmuch as the court is convinced that if this did occur, it happened after the date of the separation of these parties, and that on no occasion· was this plaintiff seen in the company of this man alone, but in the company of her mother, sister, or some one else. * * * The court is thoroughly convinced that the causes of divorce in this case arose from the actions of the husband originally, and that it was his actions that caused the separation.''

After carefully considering the testimony, we are in accord with the finding by the trial judge. The decree appealed from, besides awarding plaintiff the divorce, also awarded to plaintiff the custody of the minor child and required the defendant to pay to the office of the friend of the court $8 per week for the support and maintenance of the minor child until the child attains the age of 17 years or until the further order of the court, awarded plaintiff the household furniture in possession of the defendant at the time of the decree, ordered defendant to pay plaintiff $650, and awarded the automobile of the parties to defendant. We consider the award of property fair. The decree appealed from is affirmed. Costs to plaintiff.

STARR, C. J., and NORTH, CARR, BUTZEL, BUSHNELL, SHARPE, and BOYLES, JJ., concurred.